**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Morrow          }
                                  }
                                  }       Docket No. 92-6-03 Vtec
                                  }
                                  }

<u>Decision and Order on Cross-Motions for Partial Summary Judgment</u>

Appellants Dennis (Skip) Morrow and Laraine Morrow appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Wilmington, granting them conditional use approval for a two-bedroom Bed and Breakfast and an art studio, but denying the use of the art studio for the display or retail sales of the artist= s work. Appellants are represented by Thomas S. Durkin, Esq. and the Town is represented by Richard M. Gale, Esq. Neighbors Gary and Ilene Wax have entered their appearance as interested parties, and have filed a statement in support of Appellants= motion for summary judgment, but have not addressed the legal issues in those motions.

The principal parties have each moved for summary judgment on whether the conditional use category of A professional business offices and studios@ in ' 7(B)(1) of the Wilmington Zoning Ordinance allows an artist to display and sell art produced in the studio at the studio, and Appellants= seek summary judgment that the permitted use category of A customary home industry, home occupation, or professional service@ in ' 6(A)(1)(a)(2) of the Wilmington Zoning Ordinance allows the display and sale of art from a home studio.

The following facts are undisputed unless otherwise noted. Appellants applied under ' 7(B)(1) and (2)[1] of the Wilmington Zoning Ordinance for a conditional use permit for an art studio and bed and breakfast use in their house. They proposed to construct a 26' x 36' addition to the house, to use two bedrooms in the existing part of the house for bed and breakfast guests, and to use a portion of the house for an art studio and display area, in which Mr. Morrow proposes to produce, display and sell his art work. The ZBA granted the permit for the construction, granted the two-bedroom bed-and-breakfast use, and granted the production aspect of the art studio use, but denied the use of a portion of the space for the display and sale of artwork produced in the studio, stating in the decision that:

This approval does not extend to the use of any part of the building, either existing or proposed, for a display area for retail sales. Also, the approval for a studio does not extend to regular visits by retail sales customers as that would be outside of the scope of a studio and would be a use that is not allowed in this residential area.

The Morrows appealed only this aspect of the decision; therefore the construction approval and the approval of the bed-and-breakfast use and of the art production use of the studio are not before this Court in this appeal.

Appellants argue that they should be entitled to the permit without the condition, as a > home occupation= protected under the state statute. While it is possible that the production of art in a portion of a home might qualify as a home occupation permitted use under ' 6(A)(1)(a)(2) of the Zoning Ordinance, and it is at least theoretically possible that the sale of art from the home might qualify under that section, that question is not before the Court in the present appeal. Appellants did not apply for a zoning permit to the Zoning Administrator under that permitted use category. If they had done so, and had been denied by the Zoning Administrator and had appealed that

question to the ZBA, it would be before the Court in an appeal of the ZBA= s ruling. They did not do so, the ZBA did not rule on that issue, and it is not before the Court in the present appeal. We turn to the interpretation of the ordinance section that was applied by the ZBA to this application.

Only two categories of conditional uses are allowed in Residential zoning districts in ' 7(B) of the Zoning Ordinance. These categories are A professional business offices and studios@ (' 7(B)(1)) and A motels, hotels, lodges, tourist homes or similar establishments letting rooms . . . .@ ' 7(B)(2). To make sense of the A professional business offices and studios@ category, it is necessary to compare it to and contrast it with the type of business use of a home that is allowed as a permitted use in the Residential zoning districts (and, indeed, to the ordinary use of a home for the hobbies of its residents).

The only permitted use category allowed in Residential zoning districts, other than single- and two-family dwellings and accessory uses, is ' 6(A)(1)(a)(2) which allows the following limited business use of a home[2]:

Customary home industry, home occupation, or professional service, carried on by a resident of the premises entirely within a building[,] provided such use does not change the primarily residential character thereof and that such use does not create a nuisance, odor, or noise off the premises, and provided that no large quantity of material is stored outside the building.

The Town argues that the display and sales elements of a professional artist= s studio are A retail@ uses not allowed in this district. But there is no prohibition of retail uses in this district if they are accessory or incidental to the allowed uses (either permitted or conditional). Thus a hotel may have a gift shop in this district, as a gift shop would be merely accessory to the hotel use which is an allowed conditional use in the district. Or a farm may have a farm stand selling its produce in this district, as a farm stand would be merely accessory to the agricultural use which is an allowed permitted use in the district.

Assuming for the purposes of this discussion that a professional business office or studio were to be operated solely by a resident and solely within a building, then in order for the permitted use category of > customary home industry, home occupation, or professional service,= to be rationally distinguished from the conditional use category of > professional business office or studio,= there must be some other characteristic of the > professional business office or studio= that requires conditional use scrutiny and the potential for the ZBA to impose conditions. The characteristic that makes a rational distinction between the permitted and conditional zoning categories for residential zoning districts is the fact that clients or customers come to a professional business office or professional studio to purchase the service or artwork produced there, just as they come to a hotel, motel or tourist home. This characteristic of customers coming to the property requires some examination of the adequacy of parking or screening or the potential for traffic on the roadways before the activity should be approved.

Thus, for example, residents who knit sweaters or carve duck decoys for their own use or to give as gifts to friends and relatives would be able to knit or carve at home in the residential district, obviously without any need for a zoning permit. Similarly, accountants or architects or ballet teachers who provide services in offices or dance schools outside their own homes do not need zoning permits to work on their own taxes or to remodel their own houses or to dance or exercise at home.

Residents who operate small businesses knitting garments or carving decoys that are carried for sale, for example, in the gift shop of a nearby resort, should obtain zoning permits for a customary home industry as a permitted use. Similarly, real estate appraisers or architects who perform their work at the client= s property but who come home and do their drawings or write up their reports in a home office should obtain zoning permits for a professional service business as

a permitted use. It is possible that this section would also cover the use of a room in the existing living area of the house, to give, for example, singing lessons or piano lessons.

On the other hand, residents who have clients come to a separate office or studio within the residence or in an accessory building will need to apply for a conditional use permit for a professional business office or studio. Thus, if an accountant or lawyer or architect maintains a professional office at home to which clients come for consultation, the use will require a conditional use permit. Similarly, if a dance teacher or artist maintains a studio on the residential property to which people come to receive the service or observe the artist and purchase the artwork, the use will require a conditional use permit.

In the present case, the mere use of a portion of a house for making art does not make it a A professional studio.@ If Mr. Morrow were making art at home in his spare time simply for his own satisfaction, even in a room dedicated for the purpose, the art studio would simply be part of or accessory to his residential use of the home. If he were making art at home and selling it in a gallery in Brattleboro, and keeping his accounts for the business at home, the activity might qualify for a zoning permit as a customary home industry or customary home occupation. If he were painting frescoes on customers= walls, or painting their portraits at their houses, and keeping his accounts for the business at home, the activity might qualify for a zoning permit as a customary home occupation or professional service business.

However, as described in the application, he proposes to maintain a professional studio at his residential property, which he will make the art, display it, and sell it to visitors. This falls squarely within the A professional business offices or studios@ conditional use category in this district. The ZBA should have considered whether this particular professional artist= s studio, in this particular residence, should be approved or not under the standards for review of a conditional use, and, if approved, whether any conditions should be imposed on the approval (for example, as proposed by the applicants, that no tour buses may come to the property).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant= s Motion for Summary Judgment is GRANTED in part and DENIED in part, and that the Town= s Motion for Summary Judgment is DENIED. All that remains in this case is the hearing on the merits of the application for conditional use approval of the display and sales aspect of the professional artist= s studio. We will hold a telephone conference at 1:30 p.m. on Thursday, October 23, 2003 to discuss the scheduling of this matter for hearing, and the parties= positions on whether the matter should be remanded for the ZBA to make this determination in the first instance.

Done at Barre, Vermont, this 20th day of October, 2003.

_____
Merideth Wright
Environmental Judge

**Footnotes**

[1]     Appellants argue that this category was selected by the Zoning Administrator, but the fact remains that the application was only made to the ZBA for conditional use approval, and not to the Zoning Administrator for a zoning permit for a permitted use. Appellants did not at the time of their application contest the Zoning Administrator's classification of their application, nor claim before the ZBA that the art studio portion of the application should have been treated as a permitted use.

[2]     This section of the regulations protects the right to home occupations required to be protected by 24 V.S.A. §4406(3).